, GLADDEN, sheriff, *vs.* COBB *et al.*

All the points made in this record were decided when the case was formerly before this court. A rule *nisi* having been issued, calling on the sheriff to show cause why he should not pay the original judgment against him and the damages assessed by this court, an answer which set out no fact in addition to what had been set up before judgment, except that the plaintiffs had proved their debt in the bankrupt court, a transcript of the bankrupt proceedings being set forth, which fact could have been ascertained and pleaded on the original trial by the use of the proper diligence, was not sufficient to authorize the judgment to be set aside and the case reopened; and there was no error in sustaining a demurrer thereto.

March 3, 1888.

*Res adjudicata.* Sheriffs. Before Judge BOWER. Calhoun superior court. June term, 1887.

Reported in the decision.

D. A VASON and J. J. BECK, for plaintiff in error.

C. B. WOOTEN and ARTHUR HOOD, *contra.*

SIMMONS, Justice.

All the points made in this record were decided by this court when the case was here before. See 73 *Ga.* 236.

When the case was returned from this court to the court below, another rule *nisi* was issued against Gladden, calling upon him to show cause why he should not pay the original judgment and the damages assessed by this court. In his answer thereto, the only additional fact set up was that the plaintiffs had proved their debt in the bankrupt court, and the transcript from the bankrupt court in the case of W. S. Ansley was set out in the answer. This part of the answer was demurred to by the plaintiffs, upon the ground that the additional fact set up could have been set up by the defendant to the previous rule against him. The demurrer was sustained by the court, and the rule was made absolute, requiring the sheriff to pay the judgment. We see no error in the judgment of the court sustaining this demurrer. The fact set up in the last answer of the sheriff could have been ascertained by him on the other trial, by proper diligence, and we think, with the court below, that it was not sufficient to authorize the judgment to be set aside and the case reopened. The judgment is therefore affirmed.