15934.   HOLDER *et al. v.* SOUTHERN COTTON OIL COMPANY.

JENKINS, P. J.   1. There being no pleading setting up fraud, accident, or mistake in the execution of the contract as sued on, the court did not err in rejecting the testimony offered for the purpose of proving the same, and the only question presented by the record is whether, under the contract as executed, the defendants were liable for the taxes sued for.

2. A stipulation of a lease, providing that the lessee shall pay the taxes against the property covered by the lease, necessarily has for its consideration the use of the property by the lessee, or the making of the lease, and therefore such a requirement may by the terms of the instrument be so expressed as to constitute a part of the rent; but not necessarily so, since such a provision may constitute a separate and independent covenant based upon the consideration of the making of the lease, but expressly distinguished from the amount contracted to be paid as rent.  In the latter case the expressly defined rent obligation can not be so construed and enlarged as to embrace such a separate and independent covenant to pay taxes. · 36 Corpus Juris, 114 (§ 754); 291 (§ 1051), note 78.  Accordingly, where the provision as to taxes constitutes a separate and independent covenant, and the amount of rent to be paid is expressly and independently defined, even though the contract contains a provision that, in case the building is destroyed by fire during the term of the lease, the rent shall abate, the destruction of the building does not exempt the lessee from the payment of taxes in accordance with the terms of such a separate and independent covenant, in the absence of some such similar stipulation providing for such exemption.  36 Corpus Juris, 121 (§ 760).

*Judgment affirmed.  Stephens and Bell, JJ., concur.*

DECIDED MAY 18, 1925.

Complaint; from city court of Jefferson—Judge Bryson.   July 15, 1924.

The lease contract contains the following provisions: "The consideration moving to the said party of the first part from the parties of the second part for the lease hereby created is as follows, to wit: the sum of seventeen hundred and fifty ($1750.00) dollars, payable on or before May 1st, 1914, and seventeen hundred and fifty ($1750.00) dollars payable on or before May 1, 1915; said deferred payments being evidenced by two (2) promissory notes, dated this day, payable to the party of the first part, for the sum of seventeen hundred and fifty ($1750.00) dollars each, payable respectively on or before the 1st day of May in the years 1914 and 1915, and signed by the parties of the second part, same being the joint and several obligations of said parties of the second part. It is hereby understood that the sum of seventeen hundred and fifty

dollars ($1,750.00) payable May 1st, 1914, is the consideration for the rent from the 1st day of July, 1913, to the said 1st day of May, 1914. It is covenanted and agreed by the parties of the second part in behalf of themselves, their heirs and representatives, that they will pay all taxes, as hereinafter provided, and assessments or other public charges which may properly become chargeable upon said property during the term of said lease." It is further provided that the rent shall abate in whole or in part accordingly as the property may be destroyed by fire within specified dates. The contract contains no stipulation that the lessee shall be exempt from the payment of taxes on account of fire. Under the provision as to abatement of rent, the lessees were relieved from payment of rent for the last year of the lease, and suit was brought against the lessees for the amount of taxes assessed for that year. The trial judge directed a verdict in favor of the plaintiff, and the defendants excepted.

*A. C. Brown, Shackelford & Shackelford,* for plaintiffs in error.
*Jere S. Ayers, Lamar C. Rucker,* contra.