61499. BENTON et al. v. LESTER.

SHULMAN, Presiding Judge.

Appellee brought suit against defendants-guarantors on defendants' written guarantee of a lease contract under which appellee was landlord. The lease agreement provided for the tenant to pay a monthly rental and, in special stipulations, provided for payment by the tenant of ad valorem taxes and the cost of repairs. The contract of guaranty, on the other hand, provided only that defendants would guarantee the payment of all "rentals," making no specific mention of ad valorem taxes or maintenance expenses.

Appellee sought a sum which included back taxes and the cost of certain repairs. This appeal is from a summary judgment granted to appellee.

Defendants contend on appeal that they guaranteed the payment of only that sum specifically designated in the lease agreement as "monthly rental." It is appellants' argument that the trial court erred in awarding appellee judgment for the back taxes and repair costs. We agree.

"A stipulation of a lease, providing that the lessee shall pay the taxes against the property covered by the lease, necessarily has for its consideration the use of the property by the lessee, or the making of the lease, and therefore such a requirement may by the terms of the instrument be so expressed as to constitute a part of the rent; but not necessarily so, since such a provision may constitute a separate and independent covenant based upon the consideration of the making of the lease, but expressly distinguished from the amount contracted to be paid as rent. In the latter case the expressly defined rent obligation can not be so construed and enlarged as to embrace such a separate and independent covenant to pay taxes. [Cit.]" *Holder v. Southern Cotton Oil Co.,* 34 Ga. App. 66 (128 SE 220).

The lease in the present case contains a provision expressly defining the rental to be paid. The tenant's obligation for taxes and repair expenses arose from an entirely separate part of the lease agreement and made no reference to rentals. Under those circumstances, the term "rentals" in the contract of guaranty will not "be so construed and enlarged as to embrace such a separate and independent covenant to pay [repair costs and] taxes." Id. It follows, then, that the trial court erred in awarding appellee judgment for those amounts.

Appellants have mounted no attack on any portion of the judgment other than the amount awarded for taxes and repair costs. Under those circumstances we see nothing to be gained by reversing the judgment. Therefore, we will affirm the grant of summary judgment to appellee with direction that the trial court strike from the judgment of $45,072.80 those amounts we have ruled not recoverable from appellants, a total of $9,307.80. The proper amount of the judgment, then, is $35,765.00, the amount sought by appellee for rent, and costs.

Appellee has attempted to raise an issue concerning attorney fees, but failed to file a cross appeal or an independent appeal. This court, therefore, has no jurisdiction to consider the question. *Gober v. City of Gainesville,* 150 Ga. App. 73 (2) (256 SE2d 633).

*Judgment affirmed with direction. Birdsong and Sognier, JJ., concur.*

DECIDED MAY 29, 1981.

*Jay M. Sawilowsky,* for appellants.
*Clifford Oxford, Jack A. Wotton,* for appellee.