## 64763. HOPKINS et al. v. STEELE.

CARLEY, Judge.

Appellant-defendants were injured in an automobile collision. Appellants employed plaintiff-appellee to represent them as their attorney in legal proceedings concerning the collision. Appellants signed a contingent fee contract which provided, in part, that appellee's fee would be recovered from the proceeds of any award to appellants resulting from the settlement or trial of their case. Subsequently, appellee's legal representation was terminated by appellants, who then obtained other counsel to represent them in the matter. Each appellant thereafter sent appellee a letter authorizing their new attorney to withhold from any recovery by them the sums of $1,305.00 and $3,041.00 respectively, "to cover *whatever fee* [appellee] *may be entitled to . . .*" as a result of his former representation of the appellants. (Emphasis supplied.) Appellee was subsequently unable to collect a fee from appellants and thus filed the instant quantum meruit action to recover the reasonable value of his services rendered. Appellee moved for summary judgment supported by his affidavit which stated the total sum owed for his services to appellants was $4,275.50. Appellee was granted summary judgment, from which order appellants appeal.

Appellants argue that it remains a question for the jury whether appellee had reached an agreement with appellants upon a fee for services rendered. If such an agreement were found to have been reached, appellants contend that appellee would not be entitled to a recovery of his fee on a quantum meruit basis.

"Where there is a contingent fee arrangement between a client and his attorney, and the client prevents the contingency from happening, the attorney is entitled to reasonable attorney fees for

services rendered on behalf of his client. [Cits.]" *Brookhaven Supply Co. v. Rary,* 131 Ga. App. 310, 311 (205 SE2d 885) (1974). In the instant case, appellee could not render the balance of the services agreed upon in the original contingent fee contract because he was discharged by appellants. Therefore, only if a fee for the legal services actually rendered was "agreed upon" subsequent to appellee's discharge, would appellee not be entitled to recover on a quantum meruit basis.

There is absolutely no evidence of record that such a subsequent agreement was ever reached. "To constitute a valid contract, there must be parties, able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject-matter upon which it can operate." Code Ann. § 20-107. Appellants rely upon the fact that appellee seeks to recover in quantum meruit an amount exactly equal to the amounts stated in appellants' respective letters authorizing their new attorney to withhold moneys for appellee. It must be noted, however, that the letters requested the amounts be withheld "to cover *whatever fee [appellee] may be entitled to.*" (Emphasis supplied.) The letters not only make no mention of an agreement but imply that none was ever reached. "An alleged contract on which there is no firm agreement as to the cost is unenforceable. [Cits.] Contracts dependent upon a decision as to whether a cost to be determined in the future is feasible in the untrammeled discretion of one party are generally lacking in mutuality. [Cit.]" *Charter Invest. &c. Co. v. Urban Med. Ser.,* 136 Ga. App. 297, 298 (2, 3) (220 SE2d 784) (1975). Accordingly, the unilateral letters do not evidence "new contracts" compromising and setting appellee's claim for the value of his services performed under the terminated contingency contract so as to preclude the instant suit in quantum meruit. See generally *Mitchell & Pickering v. Louis Isaacson, Inc.,* 139 Ga. App. 733, 736 (2) (229 SE2d 535) (1976).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

Decided November 23, 1982.

*E. Graydon Shuford,* for appellants.
*Michael D. Goodman, Clifford J. Steele,* for appellee.