## 65153. CHESTER et al. v. GEORGIA MUTUAL INSURANCE COMPANY.

SHULMAN, Chief Judge.

In October 1977, James Chester died of injuries he suffered in an automobile collision. Appellee made a timely payment of the benefits due under the no-fault provisions of an insurance policy issued to Chester. In September 1981, appellants, Chester's surviving minor children and the administratrix of Chester's estate, made a demand for maximum no-fault benefits and offered to pay the premiums which would have been due had the policy included such benefits. The demand was premised on this court's holding in *Jones v. State Farm &c. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623), overruled, *Atlanta Cas. Co. v. Flewellen,* 164 Ga. App. 885 (300 SE2d 166) (1982). Appellee requested that appellants wait until the law was settled before pressing their demand, but when the benefits were not paid within 60 days, suit was filed on behalf of Chester's surviving children. The administratrix of the estate was later joined as a plaintiff. Both sides moved for summary judgment and both sides were granted partial summary judgment, appellants on their claim for benefits and appellee on appellants' claim for penalties, attorney fees, and punitive damages pursuant to Code Ann. § 56-3406b (b) and

(c) (OCGA § 33-34-6 (b) and (c)).

1. Appellee has filed briefs in this court in support of a cross-appeal attacking the grant of summary judgment to appellants on their claim for $45,000 in additional benefits. However, no such cross-appeal has been docketed in this court. Accordingly, the correctness of the trial court's grant of summary judgment to appellants is not before this court and will not be considered. *Irby v. Christian,* 130 Ga. App. 375 (1) (203 SE2d 284), revd. on other grounds, 232 Ga. 384 (207 SE2d 23); *Gober v. City of Gainesville,* 150 Ga. App. 73 (2) (256 SE2d 633); *Benton v. Lester,* 158 Ga. App. 696 (282 SE2d 174); Code Ann. § 6-803 (OCGA § 5-6-38).

It has been suggested that the extremely broad language employed by the Supreme Court in *Southeast Ceramics v. Klem,* 246 Ga. 294 (271 SE2d 199), might be construed as an implied overruling of the cases cited above. We do not agree.

The Supreme Court held ". . . that when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." Id., p. 295. The context in which that statement was made was consideration of the issue of whether an appellant may enumerate as error the denial of its motion for summary judgment without an application for interlocutory appeal when that same appellant is also appealing the grant of summary judgment to the other side. The Supreme Court ruled that an appellant in those circumstances could enumerate as error the denial of its motion even though the notice of appeal mentioned only the grant of the opposing party's motion. That ruling has no effect on the present case. Here, we are not presented with a question of which rulings appellants can raise on appeal. The question is whether the appellee may present enumerations of error concerning rulings adverse to it without filing a notice of cross-appeal. The cases cited above require a negative answer, and *Southeast Ceramics,* supra, is entirely inapposite.

2. In its order granting appellee summary judgment as to appellants' claim for a penalty, attorney fees, and punitive damages, the trial court based its decision on the facts that the policy provided only for $5,000 benefits and that appellee had paid that $5,000 promptly. While the record shows the trial court to be correct in those statements, that was not the issue presented by appellants' complaint. Their claim for a penalty, attorney fees, and punitive damages was based on appellee's refusal to pay the additional $45,000 in benefits to which appellants laid claim pursuant to *Jones,* supra. The record shows that the fact of appellee's refusal to pay is uncontested. Furthermore, appellee's liability for the additional

$45,000 in benefits was established by the grant of appellants' motion for summary judgment, a judgment from which no appeal has been taken. The issue before the trial court was whether appellee's refusal to pay the additional benefits of $45,000 was in good faith. The order granting appellee's motion for summary judgment did not address that issue. We hold, therefore, that the judgment in favor of appellee must be reversed and the case remanded for consideration of the appropriate issue: was appellee's refusal to pay the additional $45,000 claimed by appellants (and awarded by the trial court) in good faith? See Code Ann. § 56-3406b (b) and (c) (OCGA § 33-34-6 (b) and (c)).

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 28, 1983 —
REHEARING DENIED MARCH 15, 1983.

*William C. Lanham, Clark H. McGehee,* for appellants.
*W. Wray Eckl, Robert M. Darroch, Steven P. Gilliam,* for appellee.