## 76209. KARR v. RYBACK et al.
(368 SE2d 799)

Banke, Presiding Judge.

The appellees sued to enjoin the appellant from foreclosing on certain real property which the appellees had previously purchased from the appellant subject to a purchase money security deed. The appellant counterclaimed to recover the accelerated balance due under the note, plus a 15-percent attorney fee. Additionally, the appellant sought to collect a separate $586 indebtedness allegedly due him for certain repairs he had made to the property.

The claim for injunctive relief was resolved prior to trial and is not at issue in this appeal. At the conclusion of a bench trial, the court found that the appellees had wrongfully withheld certain payments due under the terms of the note and awarded the appellant the amount of these payments; however, the court ruled against the appellant on his claims to recover the accelerated balance of the remaining payments, the requested attorney fees, and the alleged indebtedness for the repairs. *Held*:

1. We must agree with the appellant that the trial court erred in failing to award him a 15-percent attorney fee pursuant to the terms of the promissory note. It appears without dispute from the record that all of the pre-conditions for such a recovery set forth in OCGA § 13-1-11 were met. Consequently, the appellant's entitlement to such a recovery was established as a matter of law. See *Dozier v. Wallace*, 169 Ga. App. 126, 131 (6) (311 SE2d 839) (1983).

2. The appellant further contends that the trial court erred in awarding him only the amount of the past-due payments owed by the appellees, without also awarding him the accelerated balance of the remaining payments. Under the terms of the note, the appellant was authorized, upon default by the appellees, to declare the unpaid principal balance due. Because the trial court found in favor of the appellant and against the appellees with respect to the past-due payments, it necessarily follows that the appellant was entitled to accelerate and collect the remaining payments (with appropriate reductions for unearned interest) as a matter of law.

3. The appellant contends that the court erred in failing to award him the requested $586 for the repairs he had made to the property. The court specifically found that the appellant was not entitled to recover on this claim; and as this ruling was based upon conflicting evidence concerning the repairs, it follows that this enumeration of error is without merit.

4. Appellee Ryback asserts in a pro se responsive brief that the trial court erred in finding that he was indebted to the appellant for post-acceleration interest on the accelerated balance. However, we are unable to address this assertion since no cross-appeal was filed. See

generally OCGA § 5-6-38. Although the Georgia Supreme Court, in *Georgia Society of Plastic Surgeons v. Anderson*, 257 Ga. 710, 711 (363 SE2d 140) (1987), recently held that a cross-appeal is not required to raise an asserted error which "becomes material to an enumeration of error urged by an appellant . . . ," that situation does not present itself in this case. Therefore, the asserted error raised by appellee Ryback presents nothing for review.

5. For the above-stated reasons, the judgment of the trial court is vacated with direction that a new judgment be entered awarding the appellant, in addition to the past-due mortgage payments, the accelerated balance of the remaining payments due under the note, plus attorney fees in the amount of 15 percent of the total recovery on the note.

*Judgment vacated and reversed in part with direction. Birdsong, C. J., and Beasley, J., concur.*

DECIDED APRIL 13, 1988.

*Gary C. Harris*, for appellant.
David Ryback, J. R. Salling, *pro se*.