77428. BURNETTE v. BRADLEY.
(379 SE2d 225)

CARLEY, Chief Judge.
Appellee-plaintiff is an attorney. Appellant-defendant, who had suffered personal injuries as the result of a traffic incident, engaged appellee as his legal representative. The parties entered into a contingency fee contract which provided, in relevant part, that appellee would receive, as compensation for his services in appellant's behalf, 40 percent of "the gross recovery." Through appellee's efforts, appellant did secure $2,500 in PIP benefits. Appellee thereafter continued to negotiate for a settlement of appellant's other personal injury claims. However, he was discharged as appellant's legal representative on April 1, 1987, prior to securing any other recovery for appellant. Appellant requested that appellee submit a bill for his services to date.

Shortly after April 1, 1987, a $20,000 settlement offer of appellant's claims was communicated to appellee. Appellee never informed appellant of this settlement offer. However, the $9,000 bill that appellee submitted to appellant reflected the combined sums of $8,000, representing 40 percent of the uncommunicated $20,000 settlement offer, and $1,000, representing 40 percent of the $2,500 in PIP benefits which had actually been recovered. Appellant refused to pay the $9,000 bill and demanded that appellee submit an itemized statement for the services he had actually rendered. Appellee responded by filing a two-count complaint against appellant.

In the first count of his complaint, appellee sought to recover $9,000 under the written contingent fee contract. In the second count, appellee sought to recover "at least $9,000" under a quantum meruit

theory. A bench trial was conducted. The trial court found in favor of appellee on the contingency fee contract claim and awarded him $9,000. The trial court also found in favor of appellee on the quantum meruit claim but awarded no damages, having determined that appellee's "evidence [as to damages was] too remote and any award under [the quantum meruit theory] would be too speculative." Appellant appeals from the judgment entered by the trial court in favor of appellee.

1. Appellant raises the general grounds. He concedes that the evidence would authorize appellee to recover $1,000 under the terms of the express contingency fee contract but urges that any recovery greater than that would not be authorized.

"An attorney at law cannot recover under a contingent fee contract unless the contingency expressed in the contract occurs. [Cits.] In absence of a contingent fee contract a client has a right to terminate the employment of an attorney at any time upon the payment of reasonable attorney's fees, and such termination is not considered a breach of the contract. [Cit.] Where there is a contingent fee arrangement between a client and his attorney and the client prevents the contingency from happening, the attorney is entitled to reasonable attorney's fees for his services that have been rendered on behalf of the client. [Cits.]" *Bearden v. Lane*, 107 Ga. App. 424, 425-426 (1) (130 SE2d 619) (1963). See also *Overman v. All Cities Transfer Co.*, 176 Ga. App. 436, 438 (336 SE2d 341) (1985); *Hopkins v. Steele*, 164 Ga. App. 527 (297 SE2d 528) (1982); *Brookhaven Supply Co. v. Rary*, 131 Ga. App. 310, 311 (4) (205 SE2d 885) (1974). Here, the parties' contingency fee contract provided for the payment to appellee of 40 percent of appellant's "gross recovery." At the time that appellee was discharged, appellant's "gross recovery" consisted only of the $2,500 in PIP benefits. The $20,000 settlement offer had neither been made nor accepted prior to appellant's discharge of appellee. Accordingly, appellee's recovery under the contract would necessarily be limited to $1,000, which sum represents 40 percent of appellant's $2,500 "gross recovery" at the time appellee was discharged and the contract for appellee's services was terminated. An additional $8,000, representing 40 percent of the uncommunicated and unaccepted post-discharge $20,000 settlement offer, would not be recoverable by appellee under the terms of the express contract. Accordingly, the trial court erred in entering a judgment greater than $1,000 in favor of appellee as to Count One of his complaint.

2. Quantum meruit would be an alternative theory of recovery by appellee. "It is a well settled principle of law that a party to a contract for services who has partly performed his obligation thereunder by rendering valuable services may, where it appears that the opposite party has repudiated and abandoned the contract, waive his right

to recover for a breach of the contract, and, by treating the contract as rescinded, maintain an action in quantum meruit against the other contracting party for value of the services rendered. [Cits.]" *Brown v. Home Security Corp.*, 106 Ga. App. 147, 150 (2) (126 SE2d 439) (1962). However, as appellee has filed no cross-appeal from the judgment entered by the trial court on Count Two of the complaint, the issue of whether the trial court erred in failing to award damages to appellee under the alternative quantum meruit theory is not before us. *Karr v. Ryback*, 186 Ga. App. 842 (4) (368 SE2d 799) (1988); *Chester v. Ga. Mut. Ins. Co.*, 165 Ga. App. 783 (1) (302 SE2d 594) (1983). Compare *Ga. Society of Plastic Surgeons v. Anderson*, 257 Ga. 710, 711 (1) (363 SE2d 140) (1987) (where, in the absence of a cross-appeal, a ruling adverse to the appellees was considered by the appellate court because the propriety of said ruling was "critical to the disposition of errors enumerated by appellants.") Accordingly, we have no authority to reach the issue of whether, contrary to the trial court's determination, the evidence as to the reasonable value of appellee's services was sufficient to authorize an award of damages under the quantum meruit theory.

3. The judgment is affirmed with direction that, as to Count One, all relief granted to appellee other than an award of monetary damages in the amount of $1,000 be stricken therefrom.

*Judgment affirmed with direction. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 22, 1989.

*Charles E. Muskett*, for appellant.
*Robert H. Herndon*, for appellee.