## A95A2682. BURKE COUNTY SCHOOL DISTRICT v. ROBERTS et al.

### (469 SE2d 529)

BIRDSONG, Presiding Judge.

The Burke County School District appeals from a judgment, following the verdict in a bench trial, for $1,572,985.03 in favor of Ricky and Diane Roberts, individually and as parents and natural guardians of their deceased son, Rodriguez Roberts. After the trial court reduced the verdict to the amount of insurance coverage available, judgment was entered in favor of the Roberts for $1,000,000.

At the time of his death in 1986, Rodriguez Roberts was a five-year-old kindergarten student in the Burke County schools, and he rode one of the school district's buses to and from school. In the morning the school bus picked him up across from his home, but after school the bus dropped him off some half mile from his home. He then walked to his home with some older neighborhood children.

Although the pick-up spot was on the approved scheduled bus route, the drop-off spot was not. Instead, based upon the request of some parents, the school district allowed the children to be dropped off there because the children would arrive home an hour earlier than if they stayed on the bus until it would drop them off at the official stop nearest their homes. Nevertheless, using this stop meant that the children walked along a heavily traveled road with a 55 mph speed limit and with no crosswalks, sidewalks, or other safety measures for the children. Although the evidence is conflicting on whether the Roberts authorized the bus driver to drop Rodriguez off at the alternate stop, the bus driver informed the principal that Rodriguez would be dropped off there. On the day of the accident, Rodriguez had been dropped off at the unauthorized stop and was walking home with the older children when he suddenly ran across the road toward his house, was struck by a van, and was killed.

Thereafter, his parents sued the driver of the school bus, the county superintendent of schools, in his individual and official capacities, and current or former members of the Burke County Board of Education, in their individual and official capacities, for damages arising from Rodriguez Roberts' death. Subsequently, the trial court granted the Roberts' motion to amend the complaint to add the school district as a defendant and dismiss the superintendent and the school board members as defendants. Later, the Roberts also dismissed the complaint against the school bus driver.

At the time of Rodriguez Roberts' death, the school district apparently was insured by two policies of insurance: One, a comprehensive liability policy issued by Illinois Insurance Exchange, but which excluded coverage for injury or damages arising from the ownership, maintenance, operation, use, or loading or unloading of a vehicle, and

perhaps another policy issued by Unisun Insurance Company that seemingly provided coverage for losses arising out of the use and operation of the district's school buses. Although the trial court discussed this policy in its verdict, apparently the policy was not introduced in evidence, or otherwise made a matter of record because no copy of the policy or stipulation of its terms is included in the record. The record does contain, however, pleadings stating that Unisun agreed to pay the Roberts no less than $30,000 but no more than $45,000 to satisfy its obligations under the policy.

After a bench trial, the trial court found the school district liable because the bus route used was unsafe in that the five-year-old child was discharged from the school bus at a hazardous location and was expected to walk along a dangerous road with no safety protection. Further, the trial court found that even though the school district was aware of these unsafe, hazardous conditions, it did nothing to prevent or prohibit the discharge of the children from the school bus at that location.

The trial court then concluded, as a matter of law, that the maintenance, operation, or use of the school bus was not the proximate cause of Rodriguez Roberts' death. In reaching this conclusion the trial court found that because the school bus was some distance from Rodriguez Roberts when he was struck by the car, his injuries could not be said to have arisen from the use of the school bus within the contemplation of the two insurance policies. Thus, the trial court found that the Unisun policy, which apparently provided coverage for damages arising from the use of the school bus did not provide coverage, and that the Illinois Insurance Exchange policy which excluded coverage for damages arising from the use of the school bus, provided coverage. Consequently, the trial court found a waiver of sovereign immunity up to the limits of the liability coverage and issued a judgment for $1,000,000.

On appeal the school district contends the trial court erred by finding the school district had waived its sovereign immunity to the extent of available insurance under a comprehensive general liability policy; the trial court erred by holding the school district liable based upon the evidence; the trial court erred by allowing the Roberts to amend their complaint; and the trial court erred by denying the school district's motion for a directed verdict (involuntary dismissal under OCGA § 9-11-41 (b)) based on the statute of limitation. *Held*:

1. Because the school district is immune from suit under the doctrine of sovereign immunity (*Thigpen v. McDuffie County Bd. of Ed.*, 255 Ga. 59 (335 SE2d 112); *Sisson v. Douglas County School Dist.*, 181 Ga. App. 77, 78 (351 SE2d 272)), our initial consideration is whether the trial court correctly ruled that sovereign immunity was waived through the purchase of liability insurance. As this cause of

action accrued before January 1, 1991, the effective date of the 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983, it is governed by the law existing prior to that amendment. *Parker v. Wynn*, 211 Ga. App. 78 (438 SE2d 147). Under that law, the purchase of liability insurance waived sovereign immunity to the extent of the liability insurance provided. *Thigpen v. McDuffie County Bd. of Ed.*, supra; *Parker v. Wynn*, supra; *Ga. Farm &c. Co. v. Greene*, 174 Ga. App. 120 (329 SE2d 204).

Here, the Roberts assert that the insurance policy issued by Illinois Insurance Exchange provides the necessary waiver. Although there is no question that this policy was in effect, the policy contains the following exclusion: "This insurance does not apply to 'bodily injury' or 'property damage' that arises out of the ownership, maintenance, operation, use, 'loading or unloading' or entrustment to others of any aircraft, 'auto' or watercraft which is owned, operated or hired by any insured. For the purpose of this exclusion the word 'hired' includes any contract to furnish transportation of pupils to and from schools." "Auto" is defined broadly in the policy as "a land motor vehicle . . . designed for travel on public roads."

We find that this provision is clear and unambiguous and its only reasonable construction is to exclude any coverage under the policy for any injury or damage that arose from the use of the school district's school buses.

Although the trial court and the plaintiffs have fashioned a theory under which the school district can be liable under the facts of this case, and yet avoid this exclusion, the evidence presented does not allow that result. The trial court's findings of fact which support the imposition of liability against the school district are based upon dropping off Rodriguez Roberts in a hazardous location and requiring him to walk to his home along a dangerous road. These findings are inescapably bound to the use of the school bus. If the bus driver had not dropped off Rodriguez Roberts at the unapproved bus stop, there is no valid claim against the school district under their theory because it was the use of the school bus, i.e., the dropping off of the child and placing him in danger that led to his death, on which liability was based. Therefore, the evidence shows the death arose from the use of the school bus.

In this sense, for the injury or damage to arise from the use of the school bus does not mean that the injury or damage was directly or proximately caused by the use of the school bus or that the school bus exerted any physical force on the immediate cause of the injury. This Court has adopted a liberal definition of "use" and any causal connection or relationship will suffice. See *Abercrombie v. Ga. Farm &c. Co.*, 216 Ga. App. 602, 604 (454 SE2d 813); *Southeastern Fidelity Ins. Co. v. Stevens*, 142 Ga. App. 562, 563 (236 SE2d 550).

In *Cawthon v. Waco Fire &c. Co.*, 183 Ga. App. 238 (358 SE2d 615), and *Ga. Farm &c. Co. v. Greene*, supra, we earlier considered the scope of policy provisions concerning the "use" of school buses. In these cases we were concerned whether the loading or unloading of a school bus placed the children in danger and at what point the "use" of the school bus began or ended. In this case the plaintiffs and the trial court have focused too much on the physical distance of the school bus from the place where Rodriguez Roberts was struck by the vehicle and not on the conduct of the school district which placed Rodriguez Roberts in a position of danger. In *Ga. Farm Bureau &c. Co. v. Greene*, supra at 124, we held that the use of a school bus "includes transportation of children to and from such school and the unloading of the school bus and that such unloading encompasses not only depositing them outside the bus but assuring that they reach a place of safety." In *Cawthon v. Waco Fire &c. Co.*, supra at 241-242, we held that the use of a school bus could include conduct which occurred even before the school bus arrived at the bus stop if a child was acting pursuant to instructions from the bus driver. Both of these opinions are grounded on the school's actions in placing the children in positions of danger, and not the proximity of the school bus to the accident. Although *Ga. Farm &c. Co. v. Greene*, supra at 124, speaks of the bus "standing guard" and that " 'use' of the vehicle [does not continue] until the children reach home," it also holds that "use" continues until the child is in a place of safety in a direction toward home. In this case, given the trial court's factual findings about the dangerous and hazardous location in which Rodriguez Roberts was placed, his use of the school bus had not ended at the time of his injury even if the school bus was miles away at the time.

Consequently, as the dropping off of the child was unquestionably an act which arose "out of the ownership, maintenance, operation, use," of the school bus, the exclusion applied and there is no coverage under the Illinois Insurance Exchange policy for this incident. Because there is no insurance coverage under this policy, the Roberts did not establish that there was a waiver of sovereign immunity, and the trial court erred by denying the school district's motion for a directed verdict (involuntary dismissal) on this issue. See *City of Lawrenceville v. Macko*, 211 Ga. App. 312 (439 SE2d 95).

Accordingly, the trial court erred by finding a waiver of sovereign immunity in this case. Therefore, the judgment of the trial court must be reversed and the case remanded to the trial court with direction to enter an involuntary dismissal under OCGA § 9-11-41 (b) in favor of the school district.

2. Although our holding that the death of Rodriguez Roberts arose from the use of the school bus necessarily calls into question the correctness of the trial court's ruling concerning the applicability of

the other insurance policy, that issue is not before us. Because the Roberts did not file a cross-appeal contesting the trial court's ruling in regard to that policy, we have no jurisdiction to consider the issue. *Chester v. Ga. Mut. Ins. Co.*, 165 Ga. App. 783 (302 SE2d 594).

3. Because of our resolution of this case in Division 1, the other issues raised on appeal are moot.

*Judgment reversed with direction. Johnson and Smith, JJ., concur.*

DECIDED MARCH 7, 1996 — 

*Barnhart, O'Quinn & Williams, Steven D. Barnhart, Drew, Eckl & Farnham, Theodore Freeman, Nancy F. Rigby, Paine, McElreath & Hyder, James D. Hyder, Jr.*, for appellant.

*Jones & Smith, Bobby T. Jones, Julian B. Smith, Jr., Smith, Howard & Ajax, Bruce H. Beerman, Robert S. Lanier, Jr., Grady K. Reddick, Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr.*, for appellees.