A98A2132. LAY BROTHERS, INC. v. TAHAMTAN et al.
(511 SE2d 262)

BEASLEY, Presiding Judge.

Lay Brothers, Inc. sought a declaratory judgment that a lease existed between it and Connie Bennett regarding a corner lot on which Lay Brothers had built a store. After a trial in which witnesses testified to the terms of the lease, the jury found in favor of Lay Brothers, and the following judgment was entered: "A lease agreement is hereby declared in favor of the plaintiff and against the defendant for the lease of the real property located at the intersection of Highway 78 and Highway 53 in Oconee County, commonly known as the H. R. Thomas Grocery Store. Said lease shall be for fifteen (15) years for $1000.00 per month, the amount of rent to be increased every three (3) years according to the consumer price index." This judgment was not appealed.

Bennett and a new joint owner, Amir Tahamtan, thereafter sued Lay Brothers for trespassing on adjoining property and for failing to pay the property taxes on the leased lot. Pointing to testimony from the earlier trial, the landowners argued that Lay Brothers had repeatedly conceded that under the lease only the corner lot and not the adjoining property was leased, and that it would be liable for the property taxes. Lay Brothers pled res judicata, contending that regardless of the trial testimony, the lease decreed in the judgment covered both lots and did not require it to pay the taxes.

Both sides moved for summary judgment. The court entered partial summary judgment in favor of the landowners, ruling that Lay Brothers was responsible for the taxes. All other motions were

denied. Lay Brothers appealed.[1] The question is whether the first judgment's silence on the issue of who was to pay the property taxes bars the landowners, on grounds of res judicata, from litigating the issue now.

"The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. Res judicata prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged not to be entitled to the recovery sought on that claim. Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction."[2]

The parties do not dispute that the first judgment was rendered on the merits by a court of competent jurisdiction. Nor is there any dispute that the parties or their privies are the same. Although not a party to the first action, Tahamtan sued in the second action as a successor in interest to the property, thereby making him and Bennett privies.[3]

The landowners intimate that the suits do not concern the same subject matter, arguing that the second action seeks only to enforce lease terms which, although not set forth in the judgment, were admitted by Lay Brothers at the trial. This argument on its face concedes the third criterion for res judicata: both actions concern the same subject matter, i.e., the lease between the parties.[4]

---

[1] Bennett and Tahamtan did not cross-appeal the denial of their motion as to which lots are covered by the lease. Thus, we do not consider the "enumeration of error" on this point found in appellees' brief. *Chester v. Ga. Mut. Ins. Co.*, 165 Ga. App. 783, 784 (1) (302 SE2d 594) (1983) (appellee may not "present enumerations of error concerning rulings adverse to it without filing a notice of cross-appeal"); see *Burke County School Dist. v. Roberts*, 220 Ga. App. 510, 513-514 (2) (469 SE2d 529) (1996) ("[b]ecause the [appellees] did not file a cross-appeal contesting the trial court's ruling in regard to that policy, we have no jurisdiction to consider the issue") (citation omitted), rev'd on other grounds, 267 Ga. 665 (482 SE2d 283) (1997); *Karr v. Ryback*, 186 Ga. App. 842 (4) (368 SE2d 799) (1988) (rule also applies to pro se parties).

[2] (Footnotes omitted.) *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865-866 (1) (463 SE2d 5) (1995); see OCGA § 9-12-40.

[3] See *Smith v. Gettinger*, 3 Ga. 140, 142 (1847) ("[p]rivies are all persons who are represented by the parties and claim under them . . .; the term privity denoting mutual or successive relationship to the same rights of property"); *Roberts v. Porter, Davis &c.*, 193 Ga. App. 898, 901 (1) (389 SE2d 361) (1989) (same).

[4] See *Fowler v. Vineyard*, 261 Ga. 454, 458 (3) (b) (405 SE2d 678) (1991) (both actions arose from same accident and thus concerned the same subject matter); *Doman v. Banderas*, 231 Ga. App. 229, 232 (1) (499 SE2d 98) (1998) ("[a]lthough the prior action asserted breach of contract and tortious interference claims, and the present suit is a defamation action, all of the claims in both actions concerned the dispute between Doman and Banderas arising from Doman's purchase of Banderas' medical practice"; res judicata applied) (citations omit-

Because res judicata applies, the issue is whether it operates so as to bar litigating terms of the lease not set forth in the first judgment. The answer is yes. As stated in *McIver v. Jones*,[5] "[r]es judicata bars subsequent actions as to all matters put in issue or which under the rules of law might have been put in issue in the original action. OCGA § 9-12-40. The subject matter was identical in both actions. . . . [Defendant] had a full opportunity in the first action to litigate each and every claim existing between the parties which touched on that issue. It was her duty to do so. The adding of additional claims for relief which grow out of the same factual situation do[es] not amount to the adding of a new or different cause of action."[6]

Similarly, litigating the existence of additional terms of the same lease in a subsequent action is impermissible. The first action concerned the existence and terms of the lease and even included testimony as to the obligation to pay taxes. The parties had the opportunity and the obligation to ensure that all terms of the lease were included in the court's judgment. If the court's declaration of those terms was incomplete, then avenues to correct that deficiency were available in the first action. Filing a second action to supplement those terms is barred by res judicata. The constitutional mandate for the "speedy, efficient, and inexpensive resolution of disputes and prosecutions" is not served by serial, piecemeal lawsuits.[7] Plaintiff must be alert to the scope of disagreement between the parties and present the entire matter at one time.

*Capitol Funds v. Arlen Realty*,[8] though not binding, is illustrative. The landlord sued its tenant for failure to pay rent and to maintain the premises. "The testimony in the state court . . . focused on the failure to pay rent, although there were some mentions of repair problems."[9] The repair obligation was not pursued further. The tenant prevailed. When the landlord sued again, focusing only on the repair obligation, the court applied Georgia law and held that "the issues now raised by the landlord could have been raised at the original trial by the use of proper diligence."[10] Res judicata barred the action.[11]

---

ted). Compare *Lawson v. Watkins*, 261 Ga. 147, 148-149 (1) (401 SE2d 719) (1991) (debts, not title to racetrack, were subject matter of the first action; no res judicata).

[5] 209 Ga. App. 670, 673 (434 SE2d 504) (1993).

[6] (Citations and punctuation omitted.) Id.

[7] Ga. Const. of 1983, Art. VI, Sec. IX, Par. I.

[8] 755 F2d 1544 (11th Cir. 1985).

[9] Id. at 1546.

[10] (Punctuation omitted.) Id. at 1547, citing *Gladden v. Cobb*, 80 Ga. 11 (6 SE 163) (1888).

[11] See *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109, 110 (498 SE2d 255) (1998) ("it is only where the merits were not *and* could not have been determined under a proper presen-

438

The tax issue was similarly barred. The court erred in granting summary judgment to the landowners on this matter. As no other issues were appealed, we do not address them.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 29, 1999 —
RECONSIDERATION DENIED FEBRUARY 12, 1999.

*J. Hue Henry, Christopher L. Casey*, for appellant.
Amir A. Tahamtan, *pro se.*
Connie L. Bennett, *pro se.*

---

tation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were *or* could have been determined, then the defense is valid") (citations omitted; emphasis in original); *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565, 566 (2) (458 SE2d 826) (1995) (plaintiff "had the opportunity to litigate the issue in the [first] proceeding, and his failure to do so bars him from filing a second action to relitigate"); *Garrett v. Life Ins. Co. of Ga.*, 221 Ga. App. 315, 318 (1) (471 SE2d 262) (1996) ("[b]ecause the facts supporting the second lawsuit were also used to support the initial lawsuit," matter barred by res judicata); *CenTrust Mtg. Corp. v. Smith & Jenkins, P.C.*, 220 Ga. App. 394, 397 (2) (469 SE2d 466) (1996) ("CenTrust had the opportunity to pursue any claim concerning the altered deed . . . in the [first] litigation[;] it simply chose not to"). Compare *Glen Oak, Inc. v. Henderson*, 258 Ga. 455, 459 (2) (e) (369 SE2d 736) (1988) (action for past due rent does not bar second action for rent due in future).