## A03A1857. GRABLE et al. v. WARREN HAWKINS POST OF THE AMERICAN LEGION et al.
(592 SE2d 502)

PHIPPS, Judge.

Jerome Grable and Marvin Mosley filed a corporate derivative action against two officers of the Warren Hawkins Post of the American Legion (the Post), alleging corporate mismanagement and violation of corporate bylaws. The trial court dismissed the action for two reasons: (1) failure to add an indispensable party — the Post; and (2) failure to exhaust the Post's internal corporate remedies. Grable and Mosley did not appeal that ruling, but instead filed a new complaint naming the Post, as well as the two officers previously named, as defendants. Defendants moved to dismiss, and the trial court granted their motion on the basis of res judicata, among other reasons. Grable and Mosley appeal, but we affirm.

Under Georgia law,

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to

all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.[1]

"Res judicata prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged not to be entitled to the recovery sought on that claim."[2] For res judicata to apply, three requirements must be met: (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.[3]

Those requirements were met here. The second cause of action was the same as the first. The parties were the same, except that the Post (the real party in interest in the first suit) had been added as a party-defendant. And the first case was decided on the merits adversely to plaintiffs by a court of competent jurisdiction.

Plaintiffs argue that the dismissal of their first complaint was not a decision on the merits. They correctly point out that failure to add an indispensable party is an amendable defect, not a basis for a dismissal on the merits of the action, when a reasonable time for joinder has not been allowed.[4] The trial court, however, gave another reason for dismissing the case — plaintiffs' failure to exhaust internal corporate remedies. That ruling *was* a decision on the merits,[5] and even if it was wrong (as plaintiffs argue), it has a preclusive effect in this action. Accordingly, the trial court correctly dismissed plaintiffs' new complaint.

*Judgment affirmed. Ellington, J., concurs. Blackburn, P. J., concurs in the judgment only.*

DECIDED DECEMBER 18, 2003.

*Ronny E. Jones*, for appellants.
*Gardner & Gardner, Milton F. Gardner, Jr.*, for appellees.

---

[1] OCGA § 9-12-40.
[2] (Punctuation and footnote omitted.) *Lay Bros., Inc. v. Tahamtan*, 236 Ga. App. 435, 436 (511 SE2d 262) (1999).
[3] Id.
[4] See *Kilburn v. Young*, 244 Ga. App. 743, 746-747 (536 SE2d 769) (2000).
[5] See *Charter Med.-Fayette County v. Health Planning Agency*, 181 Ga. App. 184, 186 (5) (351 SE2d 547) (1986) (trial court's ruling that appellant had not exhausted administrative remedies was not a holding that court lacked jurisdiction, but that appellant was not entitled to relief).