## A10A0717. ALLEN v. SANTANA.
### (695 SE2d 314)

MIKELL, Judge.

Pursuant to OCGA § 44-14-231,[1] Keith Santana brought an action against Rowland Allen in the State Court of Clayton County to foreclose on personal property. Santana later amended the complaint to add a claim for monies lent and unpaid. Following a non-jury trial, the court ruled that Santana was entitled to a writ of possession for

---

[1] OCGA § 44-14-231 ("Upon a statement of the facts under oath, any person holding a security interest on personal property and wishing to foreclose the security interest may petition, by affidavit . . . for a writ of possession").

the property and also awarded Santana a money judgment on the loan in the amount of $40,000, plus $10,000 interest. Allen sought discretionary review of the court's order, and this Court granted the application pursuant to OCGA § 5-6-35 (j). In accordance with OCGA § 5-6-35 (g), Allen filed a timely notice of appeal, asserting that Santana's action was barred by the doctrines of res judicata and collateral estoppel, and enumerating other errors. For the reasons set forth below, we affirm the judgment of the trial court.

"Appeals from bench trials, where the trial judge sits as the trier of fact and has the opportunity to assess the credibility of the witnesses, are reviewed under the clearly erroneous standard. And we will not disturb a trial court's findings if there is any evidence to support them."[2] The trial court made the following findings of fact: Clarence Brantley loaned money to Allen, and the collateral for this debt was a 1987 Rolls Royce. The title to this car was in Brantley's name, and the car itself was in Brantley's possession. On June 21, 2007, Allen met with Brantley to pay off the debt, but he did not have sufficient funds. Allen sought the funds needed from Santana, and on June 27, 2007, Santana loaned Allen $20,000. Of this sum, $10,000 was used to pay off the balance of Allen's loan from Brantley. Brantley signed the assignment and warranty section of the Rolls Royce certificate of title, but did not fill in the blank for the purchaser's name. Allen admitted that on June 27, 2007, or shortly thereafter, he gave the Rolls Royce certificate of title to Santana to hold until Allen's debt to Santana was paid. Thereafter, Santana loaned further funds to Allen: on July 12, 2007, Santana made a withdrawal of $4,000, which was deposited into Allen's account; and on July 21, 2007, Santana issued a check for $16,000 to Allen. Allen admitted that he owed Santana $40,000 as well as $10,000 in interest. Allen also admitted that the Rolls Royce vehicle was the collateral for this loan.

Santana admitted that he filled in his own name in the blank for "purchaser" on the Rolls Royce certificate of title. On July 21, 2007, Santana submitted a title application for the Rolls Royce vehicle to the Georgia Department of Revenue (DOR). Santana's title was disputed, and on November 20, 2007, the DOR cancelled the title it had issued to Santana. The DOR then issued a certificate of title to Brantley, who transferred his title to Allen. Allen submitted a title application to the DOR, which issued a certificate of title for the Rolls Royce to Allen. Santana petitioned the DOR for reinstatement of title in his name, and a hearing on this matter was held on May 29,

---

[2] (Punctuation and footnote omitted.) *Ellis v. Stanford*, 256 Ga. App. 294, 297 (5) (568 SE2d 157) (2002).

2008, before the administrative law judge (ALJ) in the Office of State Administrative Hearings (OSAH). The ALJ issued its decision on June 30, 2008, nunc pro tunc to June 27, 2008, determining that the DOR acted properly in cancelling Santana's certificate of title, because in failing to enter the purchaser's name, Brantley had not properly executed an assignment and warranty of title. The ALJ affirmed the DOR's issuance of a certificate of title for the Rolls Royce to Allen.[3]

At some point, Santana obtained possession of the vehicle at issue. Allen contends that this occurred in September 2007, when Santana borrowed the vehicle from Allen but failed to return it. The amounts loaned by Santana to Allen, totaling $40,000, became due in September 2007 and had not been paid at the time of trial. Santana retained possession of the vehicle at the time of trial.

The trial court found that Santana had a security interest in the Rolls Royce vehicle, and ruled that Santana was entitled to a writ of possession. The trial court further awarded Santana a money judgment against Allen in the amount of $40,000, plus $10,000 interest.

1. Allen asserts that Santana's claim for a security interest in the Rolls Royce is barred by the doctrines of res judicata and collateral estoppel, because Santana did not raise this claim in the administrative proceeding before the OSAH. This argument is without merit, because the doctrines of res judicata and collateral estoppel do not apply to this case.

Under Georgia law, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."[4] "Res judicata prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged not to be entitled to the recovery sought on that claim."[5] Three requirements must be met in order for the doctrine of res judicata to apply: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) previous adjudication on the merits by a court of competent jurisdiction.[6]

Even assuming that the first two requirements have been met, it is clear that the third element was lacking. The merits of Santana's claims for foreclosure and monies lent have not been previously

---

[3] Santana made two motions for reconsideration; both were denied.

[4] OCGA § 9-12-40.

[5] (Punctuation and footnote omitted.) *Lay Bros. v. Tahamtan*, 236 Ga. App. 435, 436 (511 SE2d 262) (1999).

[6] Id.

adjudicated by a court of competent jurisdiction.[7] The OSAH did not have jurisdiction to rule upon the claims brought by Santana in state court. The issue before the ALJ was limited to whether the DOR acted properly in cancelling Santana's certificate of title to the Rolls Royce.[8] In denying Santana's motion for reconsideration, the ALJ specifically stated that "[t]he issue of whether [Santana] should be reflected [on the certificate of title to the vehicle] as lienholder was not before this [c]ourt [at the hearing] on May 29, 2008."

Moreover, the doctrine of collateral estoppel did not bar Santana's claims. "Before collateral estoppel will bar consideration of an issue, that issue must actually have been decided [in the prior action]."[9] Thus, "collateral estoppel attaches only when an issue actually has been litigated and decided, or when an issue necessarily had to be decided in order for the previous judgment to have been rendered."[10] Clearly, it was not necessary for the ALJ to determine whether Santana had a security interest in the vehicle in order to determine that Brantley had not properly completed the assignment of the certificate of title. Further, the issue of Allen's failure to pay his debt to Santana was not an issue litigated and decided in the administrative proceeding.[11]

2. Allen argues that Santana's claim is barred because he failed to appeal the ALJ's decision to superior court. However, as we determined in Division 1 above, the ALJ's decision did not operate as res judicata or collateral estoppel so as to bar Santana's claims in state court. This enumeration is without merit.

3. Allen argues that the trial court erred in failing to grant his motion to dismiss and in proceeding to trial. However, Allen has waived this issue for purposes of appeal. The record reflects that on the morning of the trial, Allen filed a motion to dismiss for failure to state a claim. The trial court declined to rule on Allen's motion at that time and asked counsel to proceed with trial. Allen made no objection. On appeal, Allen has not directed us to any order in the record disposing of the motion to dismiss or to any other indication that the motion was addressed. Because Allen failed to invoke a ruling on his motion, he "cannot now complain of the trial court's

---

[7] *Setlock v. Setlock*, 286 Ga. 384, 386 (688 SE2d 346) (2010) (magistrate court was not court of competent jurisdiction due to lack of jurisdiction to resolve litigant's claims on merits).

[8] See OCGA § 40-3-6 (a); Ga. Comp. R. & Regs. r. 616-1-2-.21 (1) ("the ALJ may make any disposition of the matter *as was available to the Agency*") (emphasis supplied). See generally *Setlock*, supra at 385.

[9] *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 867 (2) (463 SE2d 5) (1995).

[10] (Footnote omitted.) Id.

[11] See *Swain v. State*, 251 Ga. App. 110, 113 (552 SE2d 880) (2001) (application of bar of collateral estoppel requires that "the party against whom the doctrine is asserted must have had a full opportunity to litigate the issue in question") (footnote omitted).

failure to rule on the motion."[12]

4. Allen contends that the trial court erred in awarding the money judgment, as the interest awarded is barred by OCGA § 7-4-2 (a) (1) (A), which provides that "[t]he legal rate of interest shall be 7 percent per annum simple interest where the rate percent is not established by written contract." However, here the interest owed was established by Allen's own admission on the stand. In such a case, we find that no writing is necessary. To the extent that Allen argues that Santana's security interest must be in writing, we find that the need for a writing, as contemplated by the statute,[13] is obviated by Allen's admission on the stand that the vehicle constituted the collateral for the loans Santana made to him. This enumeration is also without merit.

5. Allen contends that the court erred in allowing Santana to retain the vehicle after Santana obtained the vehicle through fraud. Allen's allegations of unclean hands, fraud, and forgery were implicitly rejected by the trial court in its ruling. "Except in plain and undisputable cases, the factfinder must determine whether particular circumstances constitute fraud."[14] This enumeration is meritless.

Our ruling, of course, does not mean that Santana may keep the vehicle *and* still recover the entire amount of the $40,000 debt secured by the vehicle. Under OCGA § 44-14-236, Santana may now proceed in either of two ways: he may retain or dispose of the vehicle at issue in accordance with the provisions of Article 9 of Title 11 of the Georgia Code,[15] or he may surrender the vehicle to the "duly qualified levying officer of the court" for advertisement and sale.[16] Following disposition of the vehicle, the funds realized must be applied to the debt secured by the vehicle, with any surplus being paid to Allen and with Allen liable for any deficiency.[17]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

---

[12] (Citation omitted.) *Renee Unlimited v. City of Atlanta*, 301 Ga. App. 254, 257 (1) (687 SE2d 233) (2009). See also *Bell v. Owens*, 230 Ga. App. 826, 828 (3) (497 SE2d 591) (1998) ("It is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver") (citations and punctuation omitted).

[13] See OCGA § 40-3-2 (12) (" 'Security agreement' means a written agreement which reserves or creates a security interest").

[14] (Footnote omitted.) *Vrana v. Augusta-Richmond County*, 295 Ga. App. 685, 688 (2) (673 SE2d 3) (2009).

[15] See OCGA §§ 11-9-620 et seq. (under certain conditions, including debtor's consent, secured party may accept collateral in full or partial satisfaction of obligation secured); 11-9-610 et seq. (disposition of collateral after default).

[16] OCGA § 44-14-236. See OCGA § 9-13-1 et seq. (executions and judicial sales). See generally OCGA § 11-9-601 (rights of secured party after default).

[17] See, e.g., OCGA § 11-9-615 (d); *Milam v. Adams*, 216 Ga. 440, 443 (117 SE2d 343) (1960) ("Where at the [sheriff's] sale the property brings more than enough to satisfy the judgment, it is the duty of the sheriff to turn the excess over to the defendant in fi. fa.") (citation omitted).

DECIDED APRIL 28, 2010.

*Edward R. Downs, Jr.*, for appellant.
*Stephanie S. Moore*, for appellee.