### A90A1424. MORROW v. STEWART.
(399 SE2d 280)

POPE, Judge.

Appellant Richard E. Morrow and appellee James G. Stewart entered into a written contract of employment pursuant to which Morrow retained Stewart to represent him in a personal injury action against Billie S. Kirtley. As is pertinent here, the employment contract provided that Stewart would receive "thirty-three and one-third percent (33-⅓ %) of the gross amount paid in satisfaction of any compromise settlement proceeds and forty percent of any settlement, verdict or recovery obtained in said action after the instituting of suit as compensation for legal services rendered in connection with the handling of [Stewart's] claims." The contract further provided "I understand that I may dismiss my attorney at anytime, for any reason, upon written notice to him and payment of unpaid expenses and services rendered to the date of the receipt of such notice; payment to be based upon time devoted to my case at any hourly rate of $80.00 per hour, or the applicable percentage of fee due him under the terms of this agreement of any offers which have been made by any adversary or collateral party, whichever is greater."

Stewart filed suit on behalf of Morrow against Kirtley on March 21, 1988. On August 18, 1989, Kirtley, through his attorney, offered

Morrow $75,000 to settle his claims. By letter dated September 6, 1989, Morrow notified Stewart he was discharging him as his legal representative. On November 11, 1989 Stewart filed his attorney's lien contending that pursuant to the terms of the employment contract he was entitled to receive $30,000 (40 percent of the offer that had been received at the time he was dismissed), plus expenses of $946.18. Stewart also filed a motion to intervene in the action between Morrow and Kirtley, which was granted by the trial court on January 3, 1990. A consent order was filed on January 17, 1990 which provided that Morrow and Kirtley had agreed to settle for the sum of $80,000. Pursuant to that order $30,000 was paid into the registry of the court on account of Stewart's attorney's lien, $946.18 was paid to Stewart for his expenses, $21,000 was paid to Emily Sherwinter (whom Morrow had retained to represent him after he dismissed Stewart), $1,761.77 was paid to certain medical providers and the remainder ($26,292.05) was paid to Morrow. Morrow appeals from the trial court's order denying his motion to set aside the attorney's lien and awarding Stewart $30,000 in attorney fees. We affirm.

Morrow agrees that Stewart was entitled to receive compensation for legal services provided to him, but argues Stewart is entitled only to receive the reasonable value of his services under the remedy of quantum meruit instead of a percentage of the offer of settlement received prior to Stewart's dismissal as found by the trial court. Although we agree that this is the usual rule in cases where the attorney is dismissed or withdraws from the representation of the client under a contingency fee arrangement prior to the happening of the contingency (i.e. settlement or verdict), see, e.g., *Overman v. All Cities Transfer Co.*, 176 Ga. App. 436 (336 SE2d 341) (1985), we agree with appellee Stewart that the present case is distinguishable because the parties here expressly agreed upon the compensation to be paid to Stewart in the event of his dismissal or withdrawal.

At the time Morrow dismissed Stewart, Morrow had received an offer to settle his claims against Kirtley for $75,000. Pursuant to the plain and unambiguous terms of the employment contract, Stewart was entitled to receive 40 percent (the applicable percentage) of that offer in compensation for services he rendered to Morrow. Consequently, the order of the trial court denying Morrow's motion to set aside the attorney's lien and awarding Stewart $30,000 in attorney fees is affirmed. Cf. *Burnette v. Bradley*, 190 Ga. App. 427 (1) (379 SE2d 225) (1939) (in which the offer of settlement was made subsequent to the discharge of appellee/attorney).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

*Emily Sherwinter*, for appellant.
*James G. Stewart*, pro se.