A05A2062. TOWNSEND v. LIPMAN.
(626 SE2d 538)

MIKELL, Judge.

Margaret E. Townsend, as executrix of the estate of Margaret C. Townsend (as applicable, "Townsend"), appeals the trial court's order granting summary judgment to Robert C. Lipman on his claim for fees under an attorney-client contract. We reverse because there remain genuine issues of material fact.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (1) (503 SE2d 581) (1998).

So viewed, the evidence shows that Townsend retained Lipman as her attorney to represent her in connection with a personal injury claim arising out of a collision between her automobile and a piece of construction equipment. She signed a "personal injury contract" in which she agreed to pay Lipman a contingency fee equal to 40 percent of the gross recovery either by suit or settlement. The contract also provided, in applicable part, that:

> I understand that I may dismiss my attorney at any time, for any reason, upon written notice to him and payment of unpaid expenses and services rendered to the date of the receipt of such notice; payment will be based on quantum meruit basis, or the applicable percentage of fee due him

under the terms of this Agreement of any offers which have been made by an adversary or collateral party, whichever is greater.

According to Lipman, he represented Townsend at a mediation proceeding during which the defendants' attorney offered to settle Townsend's personal injury claim for $100,000. Townsend subsequently dismissed Lipman as her attorney. Lipman averred that he disclosed the settlement offer to Townsend. Townsend, however, averred that at no time was any offer of settlement communicated to her by Lipman or anyone in his employ.

Lipman sued Townsend to recover his fees under the personal injury contract. Lipman then moved for summary judgment, contending that the parties had expressly agreed upon his compensation in the event of his dismissal, and that he had established the existence of a $100,000 settlement offer on Townsend's personal injury claim. The trial court agreed, concluding that Lipman had secured a $100,000 settlement offer, that the court was required to uphold the unambiguous language of the fee contract, and that Lipman was therefore entitled to a judgment in the amount of $40,000. See *Morrow v. Stewart*, 197 Ga. App. 689, 690 (399 SE2d 280) (1990) (affirming fee award where attorney and client expressly agreed that compensation to be paid in the event of the attorney's dismissal would be based on a percentage of any offers made by the adversary party).

1. Townsend claims that the trial court erred in granting summary judgment to Lipman because whether any settlement offers had been communicated to Townsend by Lipman remained a material issue of fact. We agree.[1]

An attorney's failure to perform under an attorney-client contract is a defense in an action by the attorney against the client for attorney fees. See *Burnham v. Cooney*, 265 Ga. App. 246, 248-250 (3) (593 SE2d 701) (2004) (attorney was not entitled to summary judgment in his action for legal fees because the client raised a defense that the attorney had failed to comply with his contractual obligations). While the attorney-client contract at issue does not specifically state that Lipman must communicate the existence of any offer to his

---

[1] We also agree with Townsend that the trial court erred in finding that the existence of the settlement offer was undisputed. The trial court reached this conclusion by reference to Townsend's trial court brief, in which she contended that the alleged settlement offer was met by a $200,000 counteroffer by Lipman. Before discussing the alleged counteroffer in the brief, however, Townsend stated that "[f]or purposes of the following discussion, it will be assumed, for the purpose of argument, but not admitted, that an offer of $100,000 was made as alleged." Earlier in the brief, Townsend argued that "the most basic element of the Plaintiff's case, i.e., that any offer was ever made, is disputed."

client, such a communication is necessarily implied by the contract. "An implied term in an agreement exists where it is reasonable and necessary to effect the full purpose of the contract and is so clearly within the contemplation of the parties that they deemed it unnecessary to state." (Citation omitted.) *Fisher v. Toombs County Nursing Home*, 223 Ga. App. 842, 845 (2) (479 SE2d 180) (1996). In this case, the parties must have intended that Lipman was obligated to tell Townsend about any outstanding offers to settle her claims. Otherwise, Lipman could base his claim for fees on an offer to settle that had no benefit to his client. "[T]hough courts are generally reluctant to make contracts for the parties, they will imply promises or duties when justice, good faith, or fairness so demand." (Citation omitted.) *Higginbottom v. Thiele Kaolin Co.*, 251 Ga. 148, 149 (1) (304 SE2d 365) (1983).

Lipman averred that, consistent with his "ethical responsibility to convey this offer of settlement to my client," he informed Townsend in a face-to-face meeting of the existence of the settlement offer. However, Townsend averred that Lipman never told her about the offer. Since we must view the evidence most favorable to Townsend, as the nonmovant, an issue of material fact exists as to whether Lipman failed to disclose the settlement offer. It follows that the trial court erred in granting summary judgment to Lipman.

2. In light of our finding in Division 1, Townsend's other enumerations of error are moot.

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 23, 2006.

*Albert L. Norton, Jr.*, for appellant.
*Chambers, Aholt & Rickard, Clyde E. Rickard III*, for appellee.