## A09A1211. WILLIAMS v. FEDERAL NATIONAL MORTGAGE ASSOCIATION.
(682 SE2d 630)

JOHNSON, Presiding Judge.

In this dispossessory action, Leslie Denise Williams appeals the trial court's grant of a writ of possession in favor of the Federal National Mortgage Association ("Fannie Mae"). The record shows that Fannie Mae instituted dispossessory proceedings against Williams in October 2008, claiming that she was a tenant at sufferance following the foreclosure of property that she occupied in Cobb County. Following a hearing at which Williams failed to appear, the trial court entered judgment for Fannie Mae and entered a writ of possession in its favor. Williams filed a notice of appeal, claiming, among other things, that Fannie Mae was not authorized to foreclose upon the property, that Fannie Mae should be "sanctioned for filling [sic] a False Claim and charged . . . with treason and sedition[,]" and that she should be awarded over $10 million in monetary damages.

We first note that Williams does not include any enumeration of errors in her appellate brief, as required by Court of Appeals Rule 25 (a) (2). Instead, Williams lists a host of claims against Fannie Mae and its counsel, including allegations that they violated the Federal Trade Commission Act of 1914,[1] the Fair Debt Collection Practices Act,[2] and numerous provisions of our federal and state constitutions. Even if we were to assume that Williams' claims constituted enumerations of error, her brief fails to provide any references to the record. Court of Appeals Rule 25 (c) (2) (i) provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the

---

[1] 15 USC §§ 41-58.
[2] 15 USC § 1692 et seq.

Court will not search for or consider such enumeration." "It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record."[3] While Williams references two exhibits attached to her brief, our rules specifically preclude our consideration of such documents.[4] Allegations of fact appearing only in appellate briefs and unsupported by evidence in the record will not be considered on appeal.[5]

Moreover, Williams' appeal is limited to the question of whether the trial court erred in entering a writ of possession in favor of Fannie Mae. While Williams' brief states that Fannie Mae failed to present even one "genuine issue of material fact to support [its] patently frivolous and spurious complaint[,]" Williams failed to file a transcript of the proceedings and apparently did not attempt to reconstruct the proceedings in accordance with OCGA § 5-6-41 (g) and (i). "When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession."[6] Williams had the burden to affirmatively show error by the record, and she has failed to provide this Court with any evidence to support the claims made in her brief. We therefore must presume that the trial court's judgment is correct.[7]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED JULY 8, 2009 —
RECONSIDERATION DENIED AUGUST 6, 2009 

Leslie D. Williams, *pro se*.

*Morris, Schneider, Prior, Johnson & Freedman, Paul G. Wersant, Fowler, Hein, Passino, Cheatwood & Williams, Alain C. Didier*, for appellee.

---

[3] (Citation and punctuation omitted.) *Miley v. Thornburg Mtg. Home Loans*, 294 Ga. App. 140, 141 (668 SE2d 560) (2008).

[4] See Court of Appeals Rule 24 (g).

[5] *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995).

[6] (Citation and punctuation omitted.) *Miley*, supra.

[7] Id.