A10A0420. STEGEMAN v. HERITAGE BANK.
(695 SE2d 340)

MILLER, Chief Judge.

Heritage Bank filed a petition for a writ of possession against James Stegeman pursuant to OCGA § 44-14-230, seeking to foreclose its security interest in a 1998 Winnebago recreational vehicle. Heritage Bank alleged that it was the holder of a 1998 retail installment contract and security agreement, under which Stegeman and Jean Caffrey purchased the Winnebago from John Bleakley R.V. Center.[1] Stegeman, proceeding pro se, appeals from the trial court's order granting Heritage Bank a writ of possession, arguing that the trial court erred in refusing his demand for a jury trial, failing to rule

---

on his motions and counterclaim, granting a writ of possession without following statutorily mandated procedures, failing to sanction opposing counsel for alleged perjury, transferring the case to magistrate court, and failing to file and consider his motion for appointment of counsel. Finding Stegeman's claims of error to be either unsupported by the record or without merit, we affirm.

The record reflects that Stegeman filed an answer and counterclaim in response to Heritage Bank's petition, which Stegeman subsequently amended. Along with his answer and counterclaim, Stegeman filed a demand for jury trial and various motions, including a motion for stay of foreclosure proceedings, a motion to strike the affidavit of Heritage Bank's counsel submitted in support of the bank's petition, and a motion for change of venue. The action was set for trial on August 31, 2009 and then reset for September 10, 2009. The trial court issued its order granting Heritage Bank a writ of possession on the rescheduled trial date.

The record on appeal does not include a transcript of the September 10, 2009 proceedings. In his amended notice of appeal, Stegeman stated that to his knowledge, no transcript existed and, as such, he would prepare a transcript from recollection. See OCGA § 5-6-41 (g). The trial court certified the record for transmission to this Court on October 9, 2009, the same day Stegeman filed his amended notice of appeal.[2]

In his appellate brief, Stegeman asserted that he did not receive notice that his appeal was docketed in this Court on October 16, 2009 and that when he learned of the docketing through the Court's website, he sought an extension of time to file his appellate brief. Stegeman further stated that he filed his appellate brief on November 3, 2009 because he had not yet received a ruling on his extension motion. Finally, Stegeman represented that he did not have time to prepare a transcript from recollection but that if the Court granted his extension motion, he would prepare one and have it certified and sent to this Court. The extension motion was granted on November 3, 2009. Stegeman, however, has not filed a transcript based upon recollection in the trial court, nor has he moved to supplement the record pursuant to OCGA § 5-6-41 (f).

1. Stegeman asserts various claims of error arising out of the September 10, 2009 proceedings in the trial court, contending that the trial court erroneously refused his demand for a jury trial, failed to rule on his motions and counterclaim, granted a writ of possession without following statutorily mandated procedures, and failed to

---

[2] The amended notice of appeal corrected omissions in the initial notice of appeal, filed September 30, 2009.

sanction opposing counsel for alleged perjury. We reject these claims of error because Stegeman is unable to support them by reference to the appellate record.

As the appellant, Stegeman bears the burden of ensuring that his enumerations of error are supported by the record. *Rivera v. Harris*, 259 Ga. 171 (2) (377 SE2d 844) (1989); *Williams v. Fed. Nat. Mtg. Assn.*, 299 Ga. App. 574, 575 (682 SE2d 630) (2009) ("The burden is upon the party alleging error to show it affirmatively in the record") (footnote and punctuation omitted). Stegeman has a duty "to include in the appellate record the items necessary for the appellate court to objectively review the evidence and proceedings giving rise to the judgment." (Footnote omitted.) *Martin v. Martin*, 267 Ga. App. 596, 597 (1) (600 SE2d 682) (2004). If the trial court transmitted the appellate record to this Court without including a transcript based on recollection which Stegeman intended to provide, he should have filed the transcript and moved to supplement the appellate record under OCGA § 5-6-41 (f). *Addison v. Reece*, 263 Ga. 631, 633 (4) (436 SE2d 663) (1993) ("The burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f).") (citation and punctuation omitted). Stegeman failed to do so, and instead of supporting his claims of error with references to the record, he relies on unsupported factual assertions in his brief, which we cannot consider on appeal. *Williams*, supra, 299 Ga. App. at 575.

"On appeal, there is a presumption in favor of the regularity and legality of all proceedings in the trial court." (Citation and punctuation omitted.) *Anthony v. U. S. Bank Nat. Assn.*, 284 Ga. App. 765, 766 (645 SE2d 12) (2007). As such, "[t]his court will not presume the trial court committed error where that fact does not affirmatively appear." (Citations and punctuation omitted.) *Robenolt v. Chrysler Financial Svcs. Corp.*, 201 Ga. App. 168, 169 (2) (410 SE2d 365) (1991) (rejecting claim that trial court erred in granting writ of possession without holding trial when record did not affirmatively show whether trial was held and, if so, whether appellant was present); *Hughley v. Habra*, 277 Ga. App. 138, 139 (625 SE2d 531) (2006) (rejecting claims of error requiring consideration of evidence introduced and actions taken at bench trial in dispossessory proceedings because appellate record did not include trial transcript). Applying the presumption of regularity here, we reject Stegeman's claims of error arising out of the September 10, 2009 proceedings.

2. Stegeman claims that the trial court erred in transferring Heritage Bank's action against him to magistrate court. The record does not contain any transfer order or other documentation that the case was transferred to magistrate court. The order granting Heritage Bank a writ of possession of the Winnebago was issued by the

state court, not the magistrate court. Under the circumstances, Stegeman's claim of error fails. *Williams*, supra, 299 Ga. App. at 575 (party alleging error must show it affirmatively by the record).

3. Finally, Stegeman contends that the trial court erred in failing to file or consider his motion for appointment of counsel. A trial court lacks authority to appoint counsel to represent an indigent civil litigant absent clear statutory or constitutional authority allowing appointed counsel to be compensated from state or county funds. *DeKalb County v. Adams*, 272 Ga. 401, 402-403 (2) (529 SE2d 610) (2000); see also *Mingledorff v. Stokely*, 223 Ga. App. 183, 184 (1) (477 SE2d 374) (1996). Stegeman fails to cite any statutory or constitutional authority requiring or permitting payment of appointed counsel from state or county funds under the circumstances here. Accordingly, he cannot establish that the trial court committed reversible error to the extent it refused to file or consider a motion for appointment of counsel.[3]

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED MAY 7, 2010 —
RECONSIDERATION DENIED MAY 25, 2010 — 

James B. Stegeman, *pro se.*
Thomas E. Austin, Jr., for appellee.

---

[3] The record does not contain a proposed motion for appointment of counsel.