**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 30, 2015**

# In the Court of Appeals of Georgia

A14A1603. MONK v. PARKER et al.

BARNES, Presiding Judge.

We granted this discretionary appeal to the former counsel for a workers compensation claimant to consider whether the superior court properly affirmed the decision of the Workers Compensation Appellate Division granting the current counsel's motion to dismiss the former counsel's attorney fee lien. Because the superior court did not err in affirming the Appellate Division, we in turn affirm the superior court.

We note first that the record on appeal as it pertains to the issue before us is incomplete.[1] The appellate record contains the superior court record, which in turn contains documents filed in the superior court and the record transmitted to the

---

[1] The record does include more than 500 pages of exhibits related to the claimant's 2008 claim for designation of his injury as catastrophic and his 2010 request for coverage of dental expenses, in addition to more than 300 pages of transcripts from two hearings, none of which is related to the issue on appeal.

superior court from the Workers Compensation Board. While the Board record contains numerous documents, including 20 Notices of Hearing issued by the Board after the claimant's former counsel withdrew from the case, it includes only some of the pleadings filed by the parties with the Board. For example, the record includes none of the parties' Requests for Hearing (Forms WC-14), which would indicate who asked for the hearings and for what purpose, information that is not included in the Board's hearing notices. Additionally, the record does *not* include the former counsel's attorney fee lien, the current counsel's motion to dismiss the lien, the former counsel's response to the motion to dismiss, or any exhibits that might have been attached to any of those documents. While the former counsel cites to the exhibits he attached to his application for discretionary appeal, those documents are not part of the official record transmitted to this Court from the clerk of the superior court.

Our rules specifically preclude consideration of "[d]ocuments attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court." Court of Appeals Rule 24 (g); see *Williams v. Fannie Mae*, 299 Ga. App. 574, 575 (682 SE2d 630) (2009). No different standard applies to exhibits attached to an application for review.

2

"Allegations of fact appearing only in appellate briefs and unsupported by evidence in the record will not be considered on appeal." *Williams*, 299 Ga. App. at 575. Further, "[i]t is the appellant's responsibility to ensure that the appellate record contains the information necessary to decide the issue. Otherwise, he may not meet his burden of showing error from the record." (Citation and punctuation omitted.) *Nye v. State*, 279 Ga. App. 347, 348 (1) (631 SE2d 386) (2006).

Thus, to the extent that the former counsel asks us to review the specific language of a Stipulation and Agreement between the claimant and the employer or the Board's approval of that Agreement to determine whether either document established his right to fees or expenses regardless of his fee lien, we cannot do so. Based on the limited record before us, however, we can determine that the superior court did not err in affirming the decision of the Appellate Division, which held that the former counsel failed to perfect his lien as required by Board rules.

The evidence establishes without dispute that in November 2004, Tom Monk ("Former Counsel') began representing a workers compensation claimant whose injury was eventually categorized in 2009 as catastrophic. The claimant terminated Former Counsel's representation in February 2012, and Former Counsel filed an "Attorney Withdrawal/Lien," Form WC-108b, via the Board's electronic filing

system, but did not serve copies of the form on the other lawyers. As noted earlier, this document is not in the record. The claimant hired Linda Parker and Larry Hanna ("Current Counsel"), who negotiated a Stipulation and Agreement ("the Agreement") that was approved by the Board in August 2012. Neither the Stipulation and Agreement nor the Board order affirming it are included in the record, but the ALJ subsequently described the Agreement as "resolving indemnity issues but leaving medical open." The Board order also directed Current Counsel to hold in escrow $77,385.74 in attorney fees and expenses pending "resolution of all attorney lien disputes."

The Board issued a notice of mediation in January 2013, apparently related to the attorney fee dispute as it notes that "[f]ailure of former counsel to appear and present argument and evidence in support of any fee lien will result in the dismissal of the lien." The date for the mediation was reset several times; the reason it was reset is not apparent from the notices in the record. The next record item is an ALJ order issued in June 2013, which states that Current Counsel had moved for an order dismissing Former Counsel's lien for failing to serve a copy on all counsel, which was required by Board Rule 108 (e). Current Counsel had also sought permission to disburse the funds they held in escrow.

4

The ALJ found that Former Counsel had committed a technical violation of the rules in that he "[did] not deny that he failed to properly serve a copy of the Form 108b on all represented parties [sic], as is required by the Rule," but held that the unserved parties were not harmed because they had received actual notice of the filing through the Board's electronic filing system.[2] The ALJ also found that Current Counsel had demonstrated "a certain lack of diligence" in failing to move for the lien's dismissal until more than a year after it was filed, and set the matter for a hearing "as to the issue of the satisfaction of [Former Counsel's] attorney fee lien." The ALJ granted Current Counsel's request for a certificate of immediate appeal, which the Appellate Division granted, and Current Counsel filed a notice of appeal.

After being briefed and hearing oral argument, the Appellate Division reversed the ALJ's decision to deny Current Counsel's motion to dismiss Former Counsel's attorney fee lien.[3] After observing that the legislature had granted the Board the

[2]Board Rule 108 (e) requires service on "all unrepresented parties and counsel," not on "represented parties."

[3]The Division affirmed that portion of the ALJ's order denying Current Counsel's request to ignore Former Counsel's opposition to the motion to dismiss the lien, which Former Counsel apparently filed by paper, rather than electronically as required by the Board Rules. The Division held that the ALJ had discretion to accept the paper filing. That holding is not being considered in this appeal.

5

authority under OCGA § 34-9-59 to adopt rules of procedure to govern the exercise of its functions, the Appellate Division held,

> With regard to an attorney fee lien, if an employee and/or his attorney terminate their contract, the former attorney still is entitled to recover a fee if he has perfected his fee lien. See OCGA § 34-9-108 and Board Rule 108 (e). In order to perfect his attorney fee lien, the former attorney must file written notice of the contended value of services and/or expenses with the Board on Form WC-108b within twenty (20) days after (i) withdrawal from the case, or (ii) notice of termination in writing by the employee. Board Rule 108 (e). The former attorney "shall" serve a copy of the WC-108b on "all unrepresented parties and counsel." Id. Failure to attach supporting documentation will result in the lien being denied. Id. The rule further adds "failure to perfect a lien in this manner will be considered a waiver of further attorney[] fees." Id.

> Additionally, Board Rule 61 (24) provides, in part, that an attorney withdrawing from a claim must file a WC-108b and follow the procedures outlined in Rule 108(b). Also, an attorney who chooses to file a lien for services and/or expenses "shall file this form [WC-108b] with supporting documentation, and serve a copy on all counsel and unrepresented parties." See Board Rule 61 (24).

The Appellate Division concluded that Former Counsel put forth no evidence disputing Current Counsel's "allegation as to insufficient service of the attorney fee lien," and held that notice from the Board's electronic filing system was not a

6

substitution for the service requirement contained in Rule 108 (e). Absent proper service, it concluded, the lien had not been perfected. The Division thus reversed the ALJ and granted Current Counsel's motion to dismiss Former Counsel's attorney fee lien.

Former Counsel appealed to the superior court, which affirmed the Appellate Division "based on the 'any evidence' standard of review," and this court granted Former Counsel's application for discretionary appeal.

1. Former Counsel contends that the superior court erred in reviewing the ALJ's decision under the "any evidence" standard. When reviewing a workers compensation ruling, both the appellate court and the superior court must construe the evidence in the light most favorable to the party prevailing before the Appellate Division of the Board, and must affirm findings of fact as to disputed evidence if they are supported by any evidence. *Ray Bell Constr. Co. v. King*, 281 Ga. 853, 854 (642 SE2d 841) (2007). Both levels of court apply a de novo standard of review when considering the Appellate Division's application of law to the facts. *Trax-Fax, Inc. v. Hobba*, 277 Ga. App. 464, 465 (627 SE2d 90) (2006).

Here, Current Counsel argues that the record does not establish that they received a computer-generated notice when Former Counsel filed his fee lien, and

disputes that the Stipulation and Agreement acknowledged Former Counsel's right to attorney fees. To the extent that the Appellate Division made disputed findings of fact, the superior court properly reviewed them under the "any evidence" standard of review, as does this court, but both courts review de novo the Appellate Division's application of the law and its rules to the facts.

2. Former counsel contends that the Appellate Division erred in its "legal interpretation" of Board Rule 108 (e) by failing to uphold the ALJ's determination that Current Counsel had waived the service requirement. He further argues that, "[b]y failing to uphold the initial finding of waiver, the State Board and the Superior Court entertained remedies outside its collective jurisdiction."

OCGA § 34-9-58 grants the Board the ability to "exercise all powers and perform all the duties relating to the enforcement of [the Workers' Compensation Act]," and OCGA § 34-9-59 empowers the Board to adopt rules of procedure to govern the exercise of its functions and hearings. "It is within the purview of [the appellate courts] to consider the validity of an agency rule by determining whether it comports with the legislative enactment which authorizes the rule." *Mulligan v. Selective HR Solutions*, 289 Ga. 753, 756 (1) (716 SE2d 150) (2011). In reviewing an administrative agency's interpretation of a statute it has the duty to enforce and its

application of the rules it promulgated to carry out that duty, we ordinarily grant great deference to the agency's decision. *MARTA v. Reid*, 295 Ga. 863, 867, n. 6 (763 SE2d 695) (2014); *Lane v. Williams Plant Srvcs.*, 330 Ga. App. 416, 416-417 (766 SE2d 482) (2014).

In this case, although the superior court did not review de novo the Division's application of the facts to the law, we find no error in the superior court's decision to affirm the Appellate Division's dismissal of Former Counsel's attorney fee lien. The Appellate Division did not entertain remedies outside of its jurisdiction; it simply applied its rules to the facts before it. Board Rule 108 governs the Board's exercise of its authority to approve attorney fees found in OCGA § 34-9-108 (a), and Board Rule 108 (e) addresses the procedures required to file and perfect an attorney fee lien. The rule provides,

> (e) An attorney of record who chooses to file a lien for services and/or expenses must do so by filing written notice of the contended value of such services and/or expenses with the Board on Form WC-108b within 20 days after (i) withdrawal from the case, or (ii) notice of termination of the contract in writing by the client. *The attorney of record filing a lien shall serve a copy of Form WC-108b on all* unrepresented parties and *counsel*. Failure to attach supporting documentation will result in the lien being denied. If the Board includes the issue of approval of the lien for determination at a hearing or mediation, and the attorney who

filed the lien fails to appear and present evidence in support of the lien, then it shall be void. If all parties agree to resolution of a lien request prior to the initiation of litigation, then one of them must file with the Board Form WC-108b. *Failure to perfect a lien in this manner will be considered a waiver of further attorney[] fees.*

(Emphasis supplied.)

Here, Former Counsel did not serve a copy of Form WC-108b on Current Counsel as required by the Board's rules, and the Appellate Division determined that therefore his lien was not perfected. Further, the record contains no evidence that Current Counsel even received actual notice of the filing through the Board's electronic filing system, as the Appellate Division decision refers only to "an alleged generated notice of filing." Reviewing this decision de novo, and deferring as we must to the Board's promulgation and enforcement of rules pursuant to its legislative authority to regulate the award of attorney fees in workers' compensation cases, we find no error in the superior court's decision to affirm the Appellate Division.

3. Former Counsel argues that the decision of the superior court and the Appellate Division unconstitutionally deprived him of his vested property right to attorney fees previously granted to him by the Board, citing to an exhibit attached to his application to this court for discretionary appeal. He also contends that Current

10

Counsel "ratified the lien" by signing the Stipulation and Settlement subsequently approved by the Board, and argues that although the legislature gave the Board the power to adjudicate and award attorney fees, the Board had no equitable power to "exact a forfeiture" of a vested right.

This record does not establish that Former Counsel had a vested right to any fees. As previously addressed, the record does not include the Stipulation and Agreement or the Board's order related to the Agreement, and Current Counsel disputes that either document granted Former Counsel a vested right to any fees. Instead, Current Counsel argues, the documents simply acknowledge the existence of a fee dispute, which even the ALJ described as "an alleged lien." The record contains nothing to support the conclusion that the Board had already determined that Former Counsel was entitled to fees, and therefore this enumeration is without merit.

*Judgment affirmed. Boggs and Branch, JJ., concur.*