**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 22, 2015**

# In the Court of Appeals of Georgia

A15A1467. CRUZ et al. v. PAREDES.                          DO-071

DOYLE, Chief Judge.

We granted the application for discretionary appeal filed by Ruben J. Cruz and James Janarious, former counsel for the claimant (hereinafter "former counsel") in this workers' compensation case. Former counsel appeal the superior court's order reversing the decision of the appellate division of the State Board of Workers' Compensation ("the Board"), which had adopted the decision of the administrative law judge ("ALJ") approving the attorney fee contract between the claimant and his former counsel. Former counsel contend that the superior court applied the wrong standard of review and erroneously interpreted the attorney fee contract. For the reasons that follow, we reverse and remand.

The undisputed facts show that on February 17, 2011, Andres Paredes suffered a work-related back injury. Four weeks later, on March 19, 2011, Paredes signed an attorney fee contract with former counsel. While represented by former counsel, Paredes was awarded ongoing total temporary disability benefits.

On December 19, 2013, Paredes terminated former counsel and retained new counsel. On January 7, 2014, former counsel filed an attorney lien pursuant to Board Rule 108 (e), seeking to recover fees in the amount of $35,207. On January 9, 2014, former counsel filed an attorney fee approval form pursuant to Board Rule 108 (a). Paredes objected, maintaining that the request for attorney fee approval was untimely and therefore contractually barred.

The ALJ approved the fee contract, "find[ing] that the record substantiates that the contingency provided for in the attorney's fee contract was met" and that "[d]uring [f]ormer [c]ounsel's representation and as a result of [their] efforts[,] income benefits were commenced." The ALJ awarded former counsel 25 percent of Paredes's income benefits beginning January 9, 2014, for a period not to exceed 350 weeks. Paredes appealed, and the Board affirmed and adopted the ALJ's decision, finding that the ALJ's decision was supported by a preponderance of competent and credible evidence. Paredes appealed to the superior court, which reversed the Board's

decision, concluding that former counsel was not entitled to collect fees because they were terminated prior to submitting their attorney fee approval form. Former counsel filed an application for discretionary appeal, which this Court granted.

1. Former counsel argues that the trial court erred by applying a de novo standard of review rather than an "any evidence" standard, which resulted in the disregard of the Board's statutorily conferred authority to exercise discretion in approving attorney fee contracts.

> When reviewing a workers' compensation ruling, both the appellate court and the superior court must construe the evidence in the light most favorable to the party prevailing before the Appellate Division of the Board, and must affirm findings of fact as to disputed evidence if they are supported by any evidence. Both levels of court apply a de novo standard of review when considering the Appellate Division's application of law to the facts.[1]

"The question of whether the superior court applied the correct legal standard in evaluating the evidence . . . is one of law, which we review de novo."[2]

---

[1] *Monk v. Parker*, 331 Ga. App. 736, 739 (1) (771 SE2d 424) (2015), citing *Ray Bell Constr. Co. v. King*, 281 Ga. 853, 854 (642 SE2d 841) (2007).

[2] (Punctuation omitted.) *Flores v. Keener*, 302 Ga. App. 275, 276 (690 SE2d 903) (2010).

Here, the superior court specifically found that "[t]his is a case of straightforward contract interpretation[,] and there is no factual dispute between the parties." "[A]n issue of contract construction is usually a question of law for the court to resolve and, as such, it is subject to de novo review."[3] Accordingly, this enumeration is without merit.

2. Former counsel further contend that pretermitting whether the superior court applied the proper standard of review, the court erred by reversing the Board's award of attorney fees.

The ALJ determined that the fee contract was valid, the contingency provided in the attorney fee contract was met, and former counsels' representation resulted in the commencement of income benefits for the claimant, and the Board agreed with the ALJ's findings. Nonetheless, the superior court found the findings contrary to law, pursuant to OCGA § 34-9-105 (c) (5).[4]

---

[3] (Emphasis omitted.) *Atlanta Emergency Svcs., LLC v. Clark*, 328 Ga. App. 9, 11 (1) (761 SE2d 437) (2014).

[4] OCGA § 34-9-105 (c) authorizes the superior court to set aside the Board's award if its members acted in excess of their powers, the decision was procured by fraud, the facts do not support the decision, there is insufficient competent evidence to warrant its decision, or the decision is contrary to law.

4

The fee agreement contained the following provision: "I understand that your hourly rate is $200[]. It is agreed that you can also charge and be paid for services rendered, [25] percent . . . of the gross weekly indemnity benefits, . . . or in quantum meruit, which ever is greater, prior to termination of this contract by either party." The superior court interpreted this clause to preclude former counsel from collecting attorney fees because Paredes dismissed them before they made a claim for fees before the Board.

> The cardinal rule of contract construction is to ascertain the intention of the parties. If the terms of a contract are plain and unambiguous, the contractual terms alone determine the parties' intent. A dictionary can supply the plain and ordinary meaning of a term, but a dictionary does not always provide a complete answer. If a term used in a contract is of uncertain meaning and may be fairly understood in more ways than one, it is ambiguous, and we apply the rules of contract construction in an effort to resolve the ambiguity. The proper construction of a contract is a question of law for a court to determine.[5]

"An ambiguity is defined as duplicity, indistinctness, an uncertainty of meaning or expression used in a written instrument, and also signifies of doubtful or uncertain

---

[5] (Punctuation omitted.) *Carnett's Properties, LLC v. Jowayne, LLC*, 331 Ga. App. 292, 294 (771 SE2d 5) (2015).

nature; wanting clearness or definiteness; difficult to comprehend or distinguish; of doubtful purport; open to various interpretations."[6]

Here, the trial court specifically found that the provision at issue was "plain and unambiguous." We disagree. By concluding that former counsel were not entitled to payment in this case because they failed to get paid before Paredes terminated them, the trial court found that the "prior to termination of this contract by either party" limitation in the parties' fee agreement modified the phrase "you can . . . charge and be paid." One could also, however, reasonably construe the limitation to modify the term "for services rendered," so that former counsels' fee demand could be approved for any services rendered before termination by Paredes.

Thus, the trial court erred by ruling that the fee agreement was plain and unambiguous. In light of the ambiguity, the trial court should have applied the pertinent rules of contract construction, including consideration of extrinsic evidence

---

[6] (Punctuation omitted.) *Kammerer Real Estate Holdings, LLC v. PLH Sandy Springs, LLC*, 319 Ga. App. 393, 396 (1) (740 SE2d 635) (2012), overruled on other grounds by *Artson, LLC v. Hudson*, 322 Ga. App. 859, 862, n. 1 (747 SE2d 68) (2013).

6

and parol evidence, as permitted.[7] We therefore remand this case for further proceedings consistent with this opinion.[8]

*Judgment reversed and case remanded. Phipps, P. J., and Boggs, J., concur.*

---

[7] See *Empire Distrib., Inc. v. George L. Smith II Georgia World Congress Center Auth.*, 235 Ga. App. 742, 744 (509 SE2d 650) (1998).

[8] See *Amah v. Whitefield Academy, Inc.*, 331 Ga. App. 258, 261 (1) (770 SE2d 650) (2015) (remanding to trial court to resolve ambiguity in statute); *Eells v. State Farm Mut. Auto. Ins. Co.*, 324 Ga. App. 901, 906 (2) (752 SE2d 70) (2013).